CHRYSLER MOTORS CORP.,
Plaintiff–Appellant,

v.

AUTO BODY PANELS OF OHIO, INC.,
and Haur Tay Enterprise Co., Ltd.,
Defendants–Appellees.

No. 89–1656.

United States Court of Appeals,
Federal Circuit.

July 11, 1990.

Don K. Harness, Harness, Dickey & Pierce, of Troy, Mich., argued for plaintiff-appellant. With him on the brief were W.R. Duke Taylor, Richard P. Vitek and John A. Artz. Also on the brief was Gary L. Newton, Chrysler Motors Corp., of Highland Park, Mich.

Peter T. Grossi, Jr., Arnold & Porter, of Washington, D.C., argued for defendants-appellees. With him on the brief were

James F. Fitzpatrick and Wayne C. Holcombe. Also on the brief was William S. Wyler, Schwartz, Manes & Ruby, of Cincinnati, Ohio. Roger M. Milgrim, Milgrim Thomajan & Lee, P.C., of New York City, argued for defendants-appellees. With him on the brief was William M. Hart. Also on the brief was William E. Santen, Santen & Hughes, of Cincinnati, Ohio, of counsel.

Perry J. Saidman, Saidman, Sterne, Kessler & Goldstein, of Washington, D.C., was on the brief for amicus curiae, Motor Vehicle Mfrs. Ass'n of The U.S., Inc. Also on the brief was William H. Crabtree, of Detroit, Mich., of counsel.

Lawrence H. Mirel, of Washington, D.C., was on the brief for amicus curiae, Government Employees Ins. Co., The Center For Auto Safety, et al.

Before MICHEL, Circuit Judge, SKELTON, Senior Circuit Judge, and PLAGER, Circuit Judge.

PLAGER, Circuit Judge.

Chrysler Motors Corp. (Chrysler), plaintiff-appellant, sued to halt the manufacture and sale by Auto Body Panels of Ohio, Inc. and Haur Tay Enterprise Co., Ltd. (defendants), of certain fenders which serve as replacement parts for Chrysler's Dodge Dakota trucks. The district court for the Southern District of Ohio, Western Division, denied Chrysler's motion for a preliminary injunction. *Chrysler Motors Corp. v. Auto Body Panels of Ohio*, 719 F.Supp. 622, 12 USPQ2d 1493 (S.D.Ohio, 1989). Chrysler appeals to this court; amicus curiae briefs were filed on behalf of both parties.[1] We affirm.

## I. BACKGROUND

Chrysler is assignee of U.S. Design Patent No. 299,019 ('019), issued December 20, 1988, for the ornamental design of a fender used on Chrysler's Dodge Dakota trucks. The defendants collectively manufacture and sell truck fenders in the automotive parts aftermarket. This aftermarket includes auto body shops that replace fenders damaged by accident or corrosion. At least some of defendants' fenders are distributed in the United States. Defendants concede that if the '019 patent is valid, then their efforts to make a fender that appears identical to the fender in the '019 patent would automatically lead to the conclusion that it is an infringement.

The issue confronting the district court was whether to grant the special relief of a preliminary injunction on the basis of the record before it. Injunctive relief is a remedy available in a proper case to prevent the violation of any right secured by a patent. 35 U.S.C. § 283 (1988). This includes preliminary injunctions. *Smith Int'l, Inc. v. Hughes Tool Co.*, 718 F.2d 1573, 1577–79, 219 USPQ 686, 689–91 (Fed. Cir.) *cert. denied*, 464 U.S. 996, 104 S.Ct. 493, 78 L.Ed.2d 687 (1983). Since a preliminary injunction, if granted, issues before a full hearing on the merits, the generally recognized rule is that the party seeking the injunction must establish a right thereto in light of four factors: 1) a reasonable likelihood of success on the merits; 2) irreparable harm; 3) the balance of hardships tipping in favor of the requesting party; and 4) that the issuance of an injunction is in the public interest. *T.J. Smith & Nephew Ltd. v. Consolidated Medical Equip., Inc.*, 821 F.2d 646, 647, 3 USPQ2d 1316, 1317 (Fed.Cir.1987).

█ That courts generally agree on these four factors has not led to uniform agreement on how the factors are applied in a given case. We treat the application of the factors—that is, the determination of whether a preliminary injunction should be granted or denied—as a procedural issue. When this court considers questions on appeal involving substantive matters not exclusively assigned to the Federal Circuit, our general practice is to apply to related procedural issues the appropriate regional circuit law. *Atari Games Corp. v. Ninten-*

---

1. Brief of amici Government Employees Insurance Co., Center for Auto Safety, Consumer Federation of America, Advocates for Highway and Auto Safety, and State Farm Mutual Automobile Insurance Co., in support of affirmance. Brief of amicus Motor Vehicle Manufacturers Association of the United States, urging this court to vacate the district court order.

*do of America, Inc.*, 897 F.2d 1572, 1575, 14 USPQ2d 1034, 1036 (Fed.Cir.1990); *Panduit Corp. v. All States Plastic Mfg. Co.*, 744 F.2d 1564, 1574–75, 223 USPQ 465, 471 (Fed.Cir.1984). However, when the question on appeal is one involving substantive matters unique to the Federal Circuit, as in this case, we apply to related procedural issues the law of this circuit. *Hybritech Inc. v. Abbott Laboratories*, 849 F.2d 1446, 1451 n. 12, 7 USPQ2d 1191, 1195 n. 12 (Fed.Cir.1988).

■ Our rule regarding whether a preliminary injunction should be granted or denied is that the trial court should weigh and measure each of the four factors against the other factors and against the magnitude of the relief requested. *Hybritech*, 849 F.2d at 1451, 7 USPQ2d at 1195. Under this rule, no one factor, taken individually, is necessarily dispositive. If a preliminary injunction is granted by the trial court, the weakness of the showing regarding one factor may be overborne by the strength of others. If the injunction is denied, the absence of an adequate showing with regard to any one factor may be sufficient, given the weight or lack of it assigned the other factors, to justify denial. And as a basic proposition, the matter lies largely in the sound discretion of the trial judge. *Smith Int'l, Inc. v. Hughes Tool Co.*, 718 F.2d at 1578, 219 USPQ at 690. We review the trial judge's determination to ascertain if there was an abuse of discretion, an error of law, or a serious misjudgment of the evidence. *T.J. Smith & Nephew Ltd. v. Consolidated Medical Equip., Inc.*, 821 F.2d at 647, 3 USPQ2d at 1317.

## II. DISCUSSION

While the issues underlying this case are perhaps broad and far reaching, or so amici would have us believe, the issue before this court is the narrow question of whether the district court abused its discretion in holding that Chrysler is not entitled to a preliminary injunction. The district judge found that the '019 patent was more functional than ornamental and that Chrysler had not met the reasonable likelihood of success prong of the preliminary injunction test. The court also found that Chrysler could not meet the irreparable harm prong of the test, despite Chrysler's allegations of irreparable harm due to the inferior quality of defendants' fenders.

### 1) *Likelihood of Success*

■ Design patent protection may be obtained for a design that is new, original, ornamental and nonobvious. 35 U.S.C. §§ 103, 171 (1988); *Avia Group Int'l, Inc. v. L.A. Gear Cal., Inc.*, 853 F.2d 1557, 1562, 7 USPQ2d 1548, 1552 (Fed.Cir.1988). The design cannot be dictated by functional requirements. *Power Controls Corp. v. Hybrinetics, Inc.*, 806 F.2d 234, 238, 231 USPQ 774, 777 (Fed.Cir.1986). Chrysler contends the fender design of the '019 patent is new, original, ornamental and nonobvious, and stands on the presumption of validity established by 35 U.S.C. § 282 (1988), and defendants' concession that its fender is a copy of the '019 design.

Under § 282, a patent is presumed valid. This presumption of validity places the burden of persuasion as well as the burden of going forward on the party asserting invalidity. *Stratoflex, Inc. v. Aeroquip Corp.*, 713 F.2d 1530, 1534, 218 USPQ 871, 875 (Fed.Cir.1983). Defendants urged that the design at issue was not novel, original or ornamental and was therefore not eligible for patent protection. At this preliminary injunction stage, they also presented an affidavit from an expert witness that the design embodied in the '019 patent would have been obvious to one skilled in the art. The district court was persuaded by the expert witness and found

the '019 patent [to be] an obvious combination of previous well-known design features, including the outward protruding lip over the wheel arch; the scoop-out for the headlight bezel; the curved rear edge which comes to a point at the top . . .; the inward line which runs the length of the '019 fender; the backward sloped edge at the top of the '019 fender; and the horizontal creases which are located both front and rear.

*Chrysler Motors Corp. v. Auto Body Panels of Ohio*, 719 F.Supp. at 624, 12 USPQ2d at 1495.

Defendants argued further that the design is predominately dictated by functional considerations and is thus not eligible for design patent protection. The district court found the '019 fender to have been "designed according to functional and performance considerations as opposed to aesthetic or ornamental considerations ..." and, therefore, that the validity of the '019 patent was called into "serious question." *Id.*

The question of when the functionality of a design so permeates an article of manufacture that design patent protection is not available under the law is a complex issue and one that continues to be the subject of considerable judicial attention. *E.g., Avia Group Int'l, Inc. v. L.A. Gear Cal., Inc.,* 853 F.2d at 1562–63, 7 USPQ2d at 1552–53; *Power Controls Corp. v. Hybrinetics, Inc.,* 806 F.2d at 238–40, 231 USPQ at 777–78. Despite the statutory presumption in Chrysler's favor, the district court on the record before it could reasonably conclude that the validity of the '019 patent was in some doubt; this conclusion, of course, does not prejudge the ultimate question on the merits of whether the patent is valid. *See Roper Corp. v. Litton Sys., Inc.,* 757 F.2d 1266, 1271, 225 USPQ 345, 347–48 (Fed.Cir.1985).

Defendants sufficiently rebutted the validity presumption so that the district court could properly conclude that Chrysler ultimately had not met its burden of showing a reasonable likelihood of success on the merits.

## 2) *Irreparable Harm*

■ For purposes of applying the four factors in a preliminary injunction case, courts have in some circumstances presumed that the irreparable harm factor existed. To thus presume requires at a minimum a strong showing of both patent validity and infringement. *See Smith Int'l, Inc. v. Hughes Tool Co.,* 718 F.2d at 1580–81, 219 USPQ at 692; *H.H. Robertson, Co. v. United Steel Deck, Inc.,* 820 F.2d 384,

390, 2 USPQ2d 1926, 1930 (Fed.Cir.1987). As indicated above, the record in this case fails to reflect the requisite ·showing of validity necessary to raise any presumption regarding harm.

■ In addition to the presumption, Chrysler contended by way of showing irreparable harm that some individuals may see decaying fenders supplied by defendants on Dodge Dakota trucks and mistakenly attribute the poor quality to Chrysler. No objective, empirical information—surveys, interviews, or other material—was provided in support. Chrysler's argument was at least partially undercut by defendants' evidence that its current product passed tests exceeding certain requirements of Chrysler for Chrysler's own fenders. Again, the district court on this record could properly conclude, as it did, that Chrysler had not shown irreparable harm.

## 3) *Balance of Hardships and the Public Interest*

In view of our disposition of the preceding issues, we need not consider these two factors beyond noting that the district court found the balance of hardships and the public interest to weigh in favor of defendants. Chrysler has not shown this finding to be an abuse of the district court's discretion, an error of law, or a serious misjudgment of the evidence.

## 4) *Issues Raised by Amici*

Amici contend that important economic questions extending beyond the parties are involved in this case. The underlying issue, say amici, is that the pricing of parts in a largely competitive aftermarket differs significantly from the pricing of parts in an aftermarket in which competition is affected by a valid controlling patent, and that to uphold or invalidate this kind of patent will have a profound impact on that market. This is not the first case to reveal the tension between the patent laws and the antitrust and trade regulation laws. *See, e.g., Atari Games Corp. v. Nintendo of America, Inc.,* 897 F.2d at 1574–75, 14 USPQ2d at 1035–36.

Those issues, however, are not now before us. It is enough for us to conclude, as did the trial judge, that defendants' challenges to the validity of Chrysler's '019 patent are not inconsequential, and that the trial court properly analyzed the factors to be considered in denying this preliminary injunction.

### CONCLUSION

The trial court did not abuse its discretion in denying the preliminary injunction and awaiting a full trial on the merits. The order of the trial court is

AFFIRMED.[2]

---

**2.** In light of the disposition of this case, we deny defendants' motions to strike nonrecord material from appellant's appendix and brief, including the Patent and Trademark Office's denial of Chrysler's request for reexamination of the '019 patent and approximately 200 pages of other design patents.

