MOTOROLA, INC., Plaintiff,

v.

ALEXANDER MANUFACTURING
COMPANY, Defendant.

No. C 90–3062.

United States District Court,
N.D. Iowa, C.D.

Aug. 26, 1991.

**810**

James C. Nemmers, Cedar Rapids, Iowa, Robert G. Krupka, Russell E. Levine, Chicago, Ill., Roger H. Dusberger, Schaumburg, Ill., for plaintiff.

Stephen J. Holtman, Cedar Rapids, Iowa, Alan M. Anderson, Arthur S. Beeman, Hugh D. Jaeger, Minneapolis, Minn., C.W. McManigal, Mason City, Iowa, for defendant.

## ORDER

HANSEN, District Judge.

This matter is before the court on Chief Magistrate Judge John A. Jarvey's report and recommendation, filed May 21, 1991. This court referred this matter to the Chief Magistrate Judge for a report and recommended disposition pursuant to 28 U.S.C. § 636(b)(1). The Chief Magistrate Judge recommends that plaintiff's motion for a preliminary injunction under 35 U.S.C. § 283, filed November 16, 1990, be granted. Defendant has objected to this recommendation and has moved to reopen the record for further evidence, filed June 10, 1991.

This court's review of this matter is de novo. *See* 28 U.S.C. § 636(b)(1). This court has reviewed the briefs and appendices filed by the parties, the Chief Magistrate Judge's report and recommendation, defendant's objections and plaintiff's response, and relevant portions of the transcript of the hearing on the injunction motion held by the Chief Magistrate Judge on December 17, 1990.

Defendant raises seven objections to the Chief Magistrate Judge's legal conclusions, fourteen objections to his factual findings, and two objections based on posthearing evidence. All of the objections will be addressed as they relate to the evaluation of the motion to reopen and the motion for a preliminary injunction.

### *Motion to Reopen*

■ This court may choose to receive evidence in addition to that presented at the Chief Magistrate Judge's hearing pursuant to Federal Rule of Civil Procedure 72(b). This rule does not necessarily allow a party to raise an argument never seasonably raised before the Chief Magistrate Judge. *Paterson–Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985, 990–91 (1st Cir.1988) (citation omitted). Defendant requests that further evidence be allowed on the issues of double patenting, obviousness, and unclean hands. Because the argument regarding double patenting was never raised by defendant nor briefed by either party, the court will not consider the evidence submitted by defendant for double patenting.

■ Defendant submits evidence of prior art as additional evidence of the obviousness of the Soren patent. Prior art is a factor in determining invalidity due to obviousness. *Ashland Oil, Inc. v. Delta Resins & Refractories, Inc.*, 776 F.2d 281, 291 (Fed.Cir.1985), *cert. denied*, 475 U.S. 1017, 106 S.Ct. 1201, 89 L.Ed.2d 315 (1986). Consequently, the additional evidence submitted by the defendant will be considered by the court on the issue of invalidity.

■ The third issue involves the allegation of unclean hands of the plaintiff. Inequitable conduct may preclude a preliminary injunction in a patent case where the conduct relates to the patent in question. *Warner Bros. Inc. v. Gay Toys, Inc.*, 724 F.2d 327, 334 (2d Cir.1983); *see also Gardco Mfg., Inc. v. Herst Lighting Co.*, 820 F.2d 1209 (Fed.Cir.1987). The party asserting the claim of such inequitable conduct must present a prima facie case. *Nutrition 21 v. United States*, 930 F.2d 867, 870 (Fed.Cir.1991).

Defendant alleges that plaintiff has engaged in anti-competitive and monopolistic conduct, has given improper gifts and money to Fulton County's 911 Center, is unfairly competing, and is inaccurately publicizing the effect of the Chief Magistrate Judge's recommendation. Such allegations of inequitable conduct, however, do not relate to the issuance of the Soren patent. Defendant has failed to present a prima facie case of *relevant* inequitable conduct. Defendant's motion to reopen the record on this issue will be denied. Defendant's third objection to the Chief Magistrate Judge's

legal conclusions and first objection based on posthearing evidence will be overruled.

### Preliminary Injunction

To receive such an injunction, the burden is upon the moving party to establish four factors: 1) a reasonable likelihood of success on the merits; 2) irreparable harm; 3) the balance of hardships tipping in favor of the requesting party; and 4) that the issuance of an injunction is in the public interest. *Chrysler Motors v. Auto Body Panel of Ohio, Inc.*, 908 F.2d 951, 952 (Fed.Cir.1990). While no one factor is dispositive, each factor must be weighed against each other and the relief sought. *Id.* at 953.

### A. Reasonable Likelihood of Success

■ While the burden of proving entitlement to a preliminary injunction remains on the party seeking the injunction, the evaluation of the first factor, reasonable likelihood of success, "is determined in the context of the presumptions and burdens that would inhere at trial on the merits." *H.H. Robertson Co. v. United Steel Deck, Inc.*, 820 F.2d 384, 388 (Fed.Cir.1987). At trial, plaintiff's Soren patent will be presumed valid. *See* 35 U.S.C. § 282. The presumption of validity may be overcome at trial only by clear and convincing evidence. *Pacific Furniture Mfg. Co. v. Preview Furniture Corp.*, 800 F.2d 1111, 1113 (Fed.Cir.1986). In the context of this motion, plaintiff retains "the burden of showing a reasonable likelihood that the attack on its patent [will] fail." *H.H. Robertson*, 820 F.2d at 387.

The Chief Magistrate Judge's statement on page 16 of his report and recommendation that the defendant must prove invalidity by clear and convincing evidence was a reference to the burden at trial on the merits. Defendant's assertion to the contrary in its first legal objection will be overruled.

Assuming the patent is valid, defendant does not contest its infringement of plaintiff's patent. Defendant does contest, however, the validity of the patent. Defendant asserts that the patent is invalid on the grounds of functionality, obviousness, and anticipation.

### 1. Admissibility of Expert Testimony

■ Before addressing the merits of the invalidity defenses, an initial issue regarding an evidentiary determination by the Chief Magistrate Judge must be resolved. Defendant's defense of invalidity was largely dependent on the expert testimony of a witness, Mr. Barker. The Chief Magistrate Judge took the testimony subject to a foundational objection and then sustained the foundational objection to Mr. Barker's testimony in his report and recommendation. The Chief Magistrate Judge also indicated what effect, if any, the excluded testimony would have had on his report and recommendation. Defendant objects to this determination by the Chief Magistrate Judge.

The federal rules of evidence provide that "[i]f scientific, technical, or other specialized knowledge" will assist the trier of fact, then opinion evidence is admissible from a witness "qualified as an expert by knowledge, skill, experience, training, or education." Fed.R.Evid. 702. The degree to which a witness is qualified as an expert goes to the weight of that witness's testimony, not its admissibility. *Yamaha Int'l Corp. v. Hoshino Gakki Co.*, 840 F.2d 1572, 1582–83 (Fed.Cir.1988).

Mr. Barker is a partner in a large intellectual property law firm in Ohio and Illinois. Although his sole professional employment has been in the practice of law, Mr. Barker received a degree in mechanical engineering from Yale University. As a hobby, he designs furniture but does not design any electronically functioning objects.

The Chief Magistrate Judge sustained the objection based upon *Universal Athletic Sales Co. v. American Gym*, 546 F.2d 530, 537–38 (3d Cir.1976), *cert. denied*, 430 U.S. 984, 97 S.Ct. 1681, 52 L.Ed.2d 378 (1977). In that case, the attorney who was the witness in question had a degree in electrical engineering, worked in the patent office for seven years, and then worked thirty-five years as a patent attorney. *Id.*

at 538. While the court was doubtful of whether the witness's examination of prior art selected by defense counsel was sufficient qualification, the more persuasive factor to the court was that the witness was an attorney who was a member of defense counsel's law firm. *Id.* at 537–40. The court concluded that the district court did not abuse its discretion in allowing the testimony, but the district court did give the testimony too much weight. *Id.*

In the present case, Mr. Barker's education in mechanical engineering may give him some knowledge that could be helpful to the trier of fact in evaluating the validity of a design patent. Admission or exclusion of the testimony was within the Chief Magistrate Judge's discretion. While this court may have admitted the testimony rather than excluding it, any error in the Chief Magistrate Judge's evidentiary ruling can be cured by this court's de novo review of the testimony of Mr. Barker.

Beyond his undergraduate degree, which was obtained approximately thirty years ago, Mr. Barker's qualifications as an expert appear to be primarily based upon his legal practice involving patents. *See* hearing transcript, filed December 26, 1990, at 274–78. Because his testimony was based primarily upon his legal expertise as opposed to his engineering and design expertise, his testimony, although considered by the court in its de novo review, is not considered by this court to be weighty or determinative. Consequently, defendant's second legal objection will be deemed moot.

### 2. *Patent Invalid Because of Functionality*

■■■ A design patent is invalid if it is primarily functional rather than primarily ornamental. *Avia Group Int'l, Inc. v. L.A. Gear Cal., Inc.*, 853 F.2d 1557, 1563 (Fed.Cir.1988) (citation omitted). A claim that the design is primarily functional is not proven by the fact that certain features of the patented design perform functions. *Id.* In addition, a design patent is not invalid if the functional aspect could be accomplished in ways other than by the patented design. *Id.* When function dic-

tates a design, however, a claim of functionality is established. *Id.*

■■■ Both sides presented evidence regarding whether the patent design was primarily functional. The patent in question, the Soren patent, involves the design of a battery housing for a portable phone or similar article. Several features of the design serve a functional purpose. The latch on the battery pack corresponds with a locking mechanism on the back of plaintiff's MicroTac portable phone. Side grooves on the battery pack do provide an alignment function. The size and shape of the battery pack allow it to be placed in a MicroTac phone while allowing it to be small and easily grasped.

The design of the battery housing was not dictated by the design of the battery charger because the charger did not exist when the housing was designed. The design of the phone was done concurrently with the battery housing. Therefore, the design of the battery housing cannot fairly be said to have been "dictated" by the design of the phone. Defendant does not object to this conclusion.

Plaintiff did provide evidence that a variety of designs would fit the MicroTac phone. The testimony that more than one design was possible was not rebutted by the defendant. Defendant does point out, however, that these alternative designs were produced for litigation. Even so, that factor would not constitute clear and convincing evidence of the invalidity that defendant would need to prove at trial. In contrast, plaintiff has brought forward evidence proving a reasonable likelihood that the presumption of validity would not be overcome at trial.

Defendant asserts that the two side grooves on the battery pack provide an alignment function when used with the MicroTac phone. Defendant also had the testimony of an expert who stated that the design was functional because the latch served the function of locking the unit into the MicroTac. The design of the grooves and latch in both defendant's design and plaintiff's patented design is the same. Plaintiff presented testimony from two wit-

nesses that the same alignment and the same latch mechanism could have been achieved with alternative designs. One witness, Professor Sekulski, did point to two examples of alternative designs. He demonstrated that the grooves could have been ridges instead or could have been grooves of different lengths. He also showed different possible shapes for the latches. While the groves and the latch undoubtedly serve a function, it is the *design* that is protected. Sufficient evidence of alternative designs exists indicating that the design was primarily ornamental and not primarily functional. Plaintiff has proven a reasonable likelihood of success by proving defendant's likely inability to sustain its burden of proving invalidity at a trial on the merits. Consequently, defendant's factual objections one, four, and five are overruled.

Defendant also objects to the Chief Magistrate Judge's statement that "other designs could have contained the same electronic elements but looked different" on the basis that there was no evidence in the record to support this statement. However, the testimony of Mr. Soren, a witness for plaintiff, does provide direct support for the Chief Magistrate Judge's statement. *See* appendix to plaintiff's responses to defendant's objections, filed June 21, 1991, at tab 3. Defendant's factual objection six on this point will be overruled.

### 3. Patent Invalid Because of Anticipation

■ Defendant alleges that the Soren patent is invalid because it was anticipated. "For prior art reference to anticipate in terms of 35 U.S.C. § 102, every element of the claimed invention must be *identically* shown in a single reference." *Diversitech Corp. v. Century Steps, Inc.*, 850 F.2d 675, 677 (Fed.Cir.1988) (emphasis added).

Defendant's proof of anticipation, presented before the Chief Magistrate Judge as exhibit H, included two patents. The patents were for the design of a battery pack housing for use with a data collection terminal and the design of a rechargeable battery pack. These designs are plainly not *identical* to the Soren design patent. Contrary testimony of defendant's expert does not change this fact. Therefore, the Soren patent was not anticipated by these designs. The same is true of the additional evidence of prior art that was submitted to this court after the Chief Magistrate Judge's report and recommendation. This prior art is a Japanese patent of a portable phone similar in style to plaintiff's MicroTac. *See* defendant's appendix to memorandum in support of Alexander Manufacturing Company's objections, filed June 10, 1991, at tab 15. The Japanese design patent of a portable phone, however, is clearly not identical to the Soren design patent for housing for a battery pack. Consequently, defendant's second factual objection regarding anticipation will be overruled. Plaintiff has demonstrated a reasonable likelihood of overcoming defendant's defense of anticipation.

### 4. Patent Invalid Because of Obviousness

■ A patent may be invalid because it is obvious. 35 U.S.C. § 103. Evaluating whether a design is obvious involves factual findings regarding the scope and content of the prior art, the level of ordinary skill in the relevant art, the differences between the claimed subject matter and the prior art, and any relevant secondary considerations that demonstrate nonobviousness. *Graham v. John Deere Co.*, 383 U.S. 1, 17, 86 S.Ct. 684, 693, 15 L.Ed.2d 545 (1966). Relevant secondary considerations include commercial success, long felt but unresolved needs, and failure of others. *Id.*

Defendant submits the same evidence for proving the defense of obviousness as was submitted regarding the anticipation defense. This court agrees with the Chief Magistrate Judge's finding that none of the prior art submitted before the Chief Magistrate Judge has a shape, angles, roundness of edges, or size that is sufficiently similar to the Soren patent. Defendant's expert presented testimony that if the functional aspects of the design were excluded, the Soren patent was obvious when compared with prior art. Defendant, however, failed

to establish the level of ordinary skill in the relevant art or that the expert possessed the necessary skill in the relevant art to evaluate obviousness. Therefore, the expert's testimony is not persuasive.

Defendant submits the Japanese design patent as prior art demonstrating obviousness. While the general design of that phone and the MicroTac phone are similar, it is the design for the housing for the battery pack that is in question. The Japanese design of the phone is prior art of a different scope and content from the Soren design. Beyond the general similarity of a small sleek look, the Japanese design cannot fairly be said to establish obviousness because of the significant differences between the design of a portable phone and the design of the battery pack housing. Plaintiff has demonstrated a reasonable likelihood of overcoming defendant's defense of obviousness. Defendant's sixth legal objection regarding obviousness will be overruled.

### 5. Conclusion of the First Factor

The patent was infringed by the defendant. At trial, defendant could prevail only by proving invalidity with clear and convincing evidence. Testimony by defendant's expert and prior art proffered by defendant was not persuasive against plaintiff's proof to the contrary. Given the burdens that exist at trial, plaintiff has carried the burden of proving reasonable likelihood of success on the merits, the first factor in deciding a motion for a preliminary injunction.

### B. Irreparable Harm

The second factor in evaluating a motion for a preliminary injunction is irreparable harm. *Chrysler Motors v. Auto Body Panel of Ohio, Inc.,* 908 F.2d 951, 952 (Fed.Cir.1990). A clear showing of validity and infringement creates a rebuttable presumption of irreparable harm. *Smith Int'l, Inc. v. Hughes Tool Co.,* 718 F.2d 1573, 1581 (Fed.Cir.), *cert. denied,* 464 U.S. 996, 104 S.Ct. 493, 78 L.Ed.2d 687 (1983). The Federal Circuit has interpreted the phrase "clear showing" as not rising to the level of a "strong showing." *Roper Corp. v. Litton Sys., Inc.,* 757 F.2d 1266, 1272 n. 5 (Fed.Cir.1985); *but cf. Chrysler Motors Corp.,* 908 F.2d at 954 (requiring a "strong" showing).

Infringement has been shown and is not contested. The presumed validity of the patent has reasonably been shown not to have been overcome by defendant's asserted defenses of functionality, anticipation, or obviousness. Plaintiff's substantial showing of reasonable likelihood of success on the merits indicates that irreparable harm likely could be presumed. Even absent such a presumption, however, plaintiff has proven irreparable injury.

One factor relating to the determination of irreparable injury is whether the patent holder delayed in seeking the injunction. *Nutrition 21,* 930 F.2d at 871. Defendant's citation to *Rexnord, Inc. v. Laitram Corp.,* 628 F.Supp. 467 (E.D.Wis. 1986), is not convincing. In that case, plaintiff delayed sixteen months before filing suit. *Id.* In the present case, plaintiff initiated suit within three months of its notice of infringement. Any additional delay in the issuance of the Chief Magistrate Judge's report and this order has not been caused by plaintiff. This court concludes that any delay on the part of plaintiff was insufficient to negate a finding of irreparable harm. Defendant's fourth legal objection will be overruled.

Proof of loss in market share is not sufficient to support a finding of irreparable harm if it is speculative. *Nutrition 21,* 930 F.2d at 871. Plaintiff presented testimony that it is losing investment opportunity in the new technology and losing sale and market share. Defendant asserts that this testimony is unsupported by facts. However, any sale of a product infringing on the patent is potentially one less sale for plaintiff because plaintiff's patent gives it an exclusive license. This fact is not speculative but rather lends support to the testimony submitted by the plaintiff. Defendant's ninth and tenth factual objections on this point will be overruled.

Plaintiff also provided evidence of injury to its reputation because of the alleged inferiority of defendant's product. Infringement is not contested. Defendant's product was modeled precisely after plaintiff's design. With the similarity between the two, consumers could easily assume that defendant's product is actually made or approved by plaintiff. Defendant notes that no actual proof of customer confusion has been presented. Because of the striking similarity of the two products, however, such confusion may be assumed as probable. Consequently, defendant's twelfth factual objection will be overruled. Defendant's catalogs and labels stated that its products in question "meet or exceed" plaintiff's specifications. Unrebutted tests demonstrated that defendant's product has an impact strength less than plaintiff's product and that defendant's product failed plaintiff's short circuit test. Plaintiff presented testimony that any inferior quality of defendant's product will injure plaintiff's reputation. Again the strong similarity of the two products supports such a claim. Defendant's seventh and thirteenth factual objections, that there was no evidence of misleading representations, and eleventh factual objection, that injury to reputation was sheer speculation, will be overruled.

Plaintiff also asserts a related issue that defendant is also misrepresenting the effect of using defendant's product on the MicroTac phone warranty. In its eighth factual objection, defendant contests this point. While use of defendant's product will not void plaintiff's warranty in all events, defendant's representation does not indicate that in some circumstances it will be made void. Use of defendant's product will void the MicroTac phone warranty if any damage to the phone results from defendant's product. *See* report and recommendation, filed June 21, 1991, at 10. That defendant's warranty will cover such circumstances does not make true defendant's broad statement that plaintiff's warranty will not be void due to use of defendant's battery. Defendant's eighth factual objection will be overruled. In any event, this issue is tangential to plaintiff's motion for preliminary injunction against infringement of the Soren patent.

Another factor to consider when determining irreparable injury is the effectiveness of money damages to compensate the patent holder. *Atlas Powder Co. v. Ireco Chems.*, 773 F.2d 1230, 1233 (Fed.Cir. 1985). Money cannot adequately compensate for injury to reputation. Defendant asserts that because it is a smaller company than plaintiff, it could not irreparably harm plaintiff. Injury to plaintiff's reputation, however, may be caused by any infringer, however big or small.

Plaintiff has sufficiently proven the existence of irreparable harm. Consequently, defendant's fourth legal objection and second objection based on posthearing evidence to the contrary are overruled.

### C. Balance of Hardships

The third step in evaluating the necessity of a preliminary injunction is determining whether the balance of hardships tips in favor of the requesting party. *Chrysler Motors*, 908 F.2d at 952. "The magnitude of the threatened injury to the patent owner is weighed, *in the light of the strength of the showing of the likelihood of success on the merits,* against the injury to the accused infringer if the preliminary decision is in error." *H.H. Robertson, Co. v. United Steel Deck, Inc.*, 820 F.2d 384, 390 (Fed.Cir.1987) (emphasis added).

The sale of defendant's batteries in question constitutes less than one percent of its total battery sales of $30 million. Defendant's expected profits from this product during 1991 is $75,000. Defendant asserts that if an injunction is ordered, outstanding orders will be cancelled and a loss of customer confidence will occur. Defendant's assertion, however, that the impact of the injunction will be so great as to make unlikely its ability to return to the market is not persuasive.

Defendant's hardships must be balanced with those of plaintiff. Plaintiff's hardships are the same as those that led to the finding of irreparable harm. Until an injunction is issued, plaintiff continues to suf-

fer loss of market share and injury to reputation. Given the substantial showing by plaintiff of the likelihood of success on the merits, the hardships do tip in favor of the plaintiff. Consequently, defendant's fifth legal objection and fourteenth factual objection will be overruled.

*D. Injunction in the Public Interest*

 The final factor for preliminary injunction to be evaluated is whether the issuance of an injunction is in the public interest. *Chrysler Motors*, 908 F.2d at 952. Public interest lies in favor of enjoining infringement of valid patents. *Smith Int'l, Inc. v. Hughes Tool Co.*, 718 F.2d 1573, 1577–78 (Fed.Cir.1983). Plaintiff's design patent has been infringed by defendant and is reasonably likely to be found valid. Defendant did not object to the Chief Magistrate Judge's finding that the injunction was in the public interest.

*E. Conclusion*

After evaluation of the four factors pertaining to the grant of a preliminary injunction, this court will grant plaintiff's motion for preliminary injunction against defendant's infringement of the Soren patent. Security is required of plaintiff upon the imposition of a preliminary injunction. Fed.R.Civ.P. 65(c). The rules of civil procedure do not preclude the Chief Magistrate Judge's recommendation that the bond need not be substantial. Consequently, defendant's seventh legal objection will be overruled.

ORDER:

Accordingly, It Is Ordered:

1. Defendant's motion to submit further evidence, filed June 10, 1991, is overruled in part and granted in part. The motion is granted to the extent it includes the supplemental exhibit of prior art considered in regard to the defenses of anticipation and obviousness. The motion to submit additional evidence regarding the issues of unclean hands and double patenting is denied.

2. Defendant's objection to the report and recommendation of Chief Magistrate Judge John A. Jarvey regarding the admissibility of the expert testimony, filed June 10, 1991, is deemed mooted by this court's de novo review of the testimony in issue.

3. All other objections by defendant to the report and recommendation of Chief Magistrate Judge John A. Jarvey, filed June 10, 1991, are overruled.

4. The report and recommendation of Chief Magistrate Judge John A. Jarvey, filed May 21, 1991, is adopted to the extent that it is consistent with the text above.

5. Plaintiff's motion for preliminary injunction against defendant's infringement of the Soren patent, filed November 16, 1990, is granted. Defendant, its officers, representatives, agents, servants, employees, and attorneys, and all persons acting in concert or participation with them, are enjoined from manufacturing, using, selling, or otherwise reproducing or distributing batteries that infringe on the Soren patent, U.S.Pat. No. Des. 305,717, pending trial on the merits.

6. Pursuant to Rule 65(c), Federal Rules of Civil Procedure, plaintiff shall post security in the amount of $100,000.

7. Upon posting the bond herein required, the clerk shall issue a writ for the preliminary injunction and deliver the same and a copy of this order to the United States Marshal for service upon all defendants. Plaintiff's counsel shall immediately provide the Marshal with a completed Marshal's Form 285 (Directions for Service) and either pay the costs of service in advance or make satisfactory arrangements with the Marshal for such payment.