949 F.2d 404
 21 U.S.P.Q.2d 2040
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Carl C. JACOBSON, Jr., E.J. Johnson and International
Surfacing, Inc., Plaintiffs-Appellees,
v.
COX PAVING COMPANY, Defendant-Appellant,
and
Granite Construction Company and Achen-Gardner Company, Defendants.
 No. 91-1342.
 United States Court of Appeals, Federal Circuit.
 Oct. 25, 1991.
 
 Before MICHEL, Circuit Judge, BENNETT, Senior Circuit Judge, and PLAGER, Circuit Judge.
 DECISION
 PER CURIAM.
 
 
 1
 Cox Paving Company appeals from the judgment of the United States District Court for the District of Arizona, No. 89-1786 (May 16, 1991) which granted Jacobson's motion for a preliminary injunction under Fed.R.Civ.P. 65(a). The District Court enjoined Cox from infringing Patent Nos. 3,891,585 and 4,069,182 owned by Jacobson, finding a likelihood that Jacobson would succeed on the merits on the issues of validity, enforceability and infringement of its patents, and similarly finding irreparable harm to Jacobson absent the injunction, a balance of hardships favoring Jacobson and public interest weighing in favor of the injunction's imposition. We affirm.
 
 OPINION
 
 2
 In Chrysler Motors v. Auto Body Panels of Ohio, Inc., 908 F.2d 951, 15 USPQ2d 1469 (Fed.Cir.1990), this court set out the standard by which it reviews preliminary injunction appeals in the patent context. The court stated that the grant of a preliminary injunction "lies largely in the sound discretion of the trial judge.... We review the trial judge's determination to ascertain if there was an abuse of discretion, an error of law, or a serious misjudgment of the evidence." Id. at 953, 15 USPQ2d at 1471 (citations omitted). In light of this standard, we find that Judge Rosenblatt, in his thorough and well-reasoned opinion, did not abuse his discretion, but instead carefully weighed the evidence and properly granted the preliminary injunction.