954 F.2d 734
 23 U.S.P.Q.2d 1555
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
DOLLY, INC., Plaintiff-Appellee,
v.
SPALDING & EVENFLO COMPANIES, INC., Defendant-Appellant.
 No. 91-1252.
 United States Court of Appeals, Federal Circuit.
 Jan. 17, 1992.
 
 Before ARCHER, PLAGER and RADER, Circuit Judges.
 DECISION
 ARCHER, Circuit Judge.
 
 
 1
 Spalding & Evenflo Companies, Inc., (Evenflo) appeals the January 22, 1991, order of the United States District Court for the Southern District of Ohio (Civil Action No. C-3-90-226), preliminarily enjoining it from infringing U.S. Patent No. 4,854,638 (the '638 patent). We vacate and remand.
 
 DISCUSSION
 
 2
 The decision whether to grant a preliminary injunction is within the discretion of the trial judge based on the consideration of likelihood of success on the merits, irreparable harm to the movant, the balance of the hardships on the parties if the injunction is issued, and the public interest involved. Hybritech Inc. v. Abbott Laboratories, 849 F.2d 1446, 1451, 7 USPQ2d 1191, 1195 (Fed.Cir.1988); Chrysler Motors Corp. v. Auto Body Panels of Ohio, Inc., 908 F.2d 951, 952, 15 USPQ2d 1469, 1470 (Fed.Cir.1990). Because the issuance of a preliminary injunction is a discretionary determination, it will not be disturbed on appeal unless the trial court abused its discretion, committed an error of law, or seriously misjudged the evidence. Smith Int'l, Inc. v. Hughes Tool Co., 718 F.2d 1573, 1579, 219 USPQ2d 686, 691 (Fed.Cir.1983).
 
 
 3
 In this appeal, Evenflo contends that the trial judge erred in finding that there was a likelihood that Dolly, Inc. (Dolly) would be successful on the merits. It asserts that the trial judge did not properly construe claim 19 of the '683 patent and that this misconstruction of the claim resulted in a faulty infringement analysis that cannot stand. Claim construction is a question of law that is reviewed de novo on appeal. See ZMI Corp. v. Cardiac Resuscitator Corp., 844 F.2d 1576, 1578, 6 USPQ2d 1557, 1559 (Fed.Cir.1988). This court has held that if the trial court erred as a matter of law in construing the claims of a patent its infringement analysis is necessarily flawed. Bausch & Lomb, Inc. v. Barnes-Hind/Hydrocurve, Inc., 796 F.2d 443, 450, 230 USPQ 416, 421 (Fed.Cir.1986); Moeller v. Ionetics, Inc., 794 F.2d 653, 656, 229 USPQ 992, 994 (Fed.Cir.1986). If that is the case, then judgment must be vacated and the case remanded to reconsider infringement under properly construed claims. ZMI Corp., 844 F.2d at 1582, 6 USPQ2d at 1562.
 
 
 4
 The '638 patent is directed to a "Portable Adjustable Child's Chair." Claim 19 of the '683 patent is the only asserted claim. Claim 19 depends from claim 17, which, in turn, depends from claim 16. Claim 16 reads in pertinent part as follows:
 
 
 5
 a stable rigid frame which is formed in part from said side panels and which along with said seat panel and said back panel provides a body supporting feature,....
 
 
 6
 The quoted provision of claim 16 sets out two elements: (1) a stable rigid frame, which is formed in part from said side panels, and (2) a body supporting feature. The question is how the quoted claim language requires the body supporting feature to be formed. In particular, the dispute is whether the claim language requires the body support to be provided by a seat and a back panel in addition to a separate stable rigid frame, or whether the body support can be provided by a stable rigid frame that includes seat and back panels.
 
 
 7
 The trial judge concluded that the clause, "which along with said seat panel and said back panel provides a body supporting feature," only describes "how the stable rigid frame provides a body supporting feature" and does not say "that the seat and back panel cannot also assist in forming the frame."
 
 
 8
 Evenflo argues that "[s]ince the stable rigid frame, along with the seat and back panels, provides the body supporting feature, the seat and back panels cannot be included in the structure of the stable rigid frame." [Evenflo brief at 28.] We agree.
 
 
 9
 All the limitations of a claim must be considered meaningful. See Perkin-Elmer Corp. v. Westinghouse Elec. Corp., 822 F.2d 1528, 1532-33, 3 USPQ2d 1321, 1324-25 (Fed.Cir.1987). The limitation contained in the language "along with said seat panel and said back panel" is not meaningful if the seat panel and back panel are already part of the previously described stable rigid frame. Thus, the claim language requires that the stable rigid frame must be formed independent of the seat and back panels. Moreover, the specification and drawings of the '638 patent describe only a stable rigid frame that does not use either the seat or back panel as part of its construction. The frame shown and described comprises tubular supports and tie rods which work in combination to separate and support the side panels. Finally, the specification and drawings show, and claim 16 claims, side panels having a plurality of horizontal grooves to "slidably receive" the seat panel so that it may be raised or lowered. This further indicates the separateness of the seat panel from the frame. Thus, the body supporting feature is the combination of the previously-described stable rigid frame along with, in the words of the claim, the seat and back panels.
 
 
 10
 We conclude that the district court's claim interpretation that "the seat and back panel[s] may but do not have to be part of the frame" is, therefore, incorrect as a matter of law. We have considered Dolly's arguments that this construction of the claim would read the preferred embodiment into the claim as a limitation and that it would be contrary to the doctrine of claim differentiation and find them to be unpersuasive.
 
 
 11
 Because the district court's construction of the claim was erroneous as a matter of law, its order granting a preliminary injunction is vacated and the case is remanded to consider whether Dolly would likely be able to prove infringement under properly construed claims.
 
 COSTS
 
 12
 Each party shall bear its own costs.
 
 
 13
 PLAGER, Circuit Judge, dissenting.
 
 
 14
 I respectfully dissent. The matter before us is not the critic's choice after the final curtain, but the audience's reaction after the first act: we review a trial court's grant of a preliminary injunction, not a holding of patent infringement. Cases such as ZMI Corp. v. Cardiac Resuscitator Corp., 844 F.2d 1576 (Fed.Cir.1988) (reversing trial court's decision on the merits), Bausch & Lomb, Inc. v. Barnes-Hind/Hydrocurve, 796 F.2d 443 (Fed.Cir.1986) (same), and Moeller v. Ionetics, Inc., 794 F.2d 653 (Fed.Cir.1986) (vacating trial court's summary judgment on noninfringement), cited by the majority for support, are inapposite.
 
 
 15
 A preliminary injunction takes into account four factors--likelihood of success, irreparable harm, balance of hardships, and the public interest. Chrysler Motors v. Auto Body Panels of Ohio, 908 F.2d 951, 952 (Fed.Cir.1990). Likelihood of success has two subcomponents--validity and infringement of the asserted patent. Further, infringement has two subcomponents--literal infringement, and infringement under the doctrine of equivalents. The issue then is whether the trial court in granting a preliminary injunction at this early stage has committed an abuse of discretion, an error of law, or a serious misjudgment of the evidence in its overall balancing of these factors and their subcomponents. The matter lies largely in the sound discretion of the trial judge. Id. at 953.
 
 
 16
 My dissent rests upon my differing view of the trial court's role in a preliminary injunction determination, and of the scope of our appellate review. I disagree that the trial court's interpretation of the claim, as a matter of law, has been established to be in error. The trial transcript demonstrates substantial factual dispute as to the meaning of the term "stable rigid frame." Factual issues may arise in the context of claim interpretation, even though we have characterized claim interpretation as a matter of law. A trial court's factual findings may be overturned on appeal only if they are clearly erroneous.
 
 
 17
 Specifically, the meaning of a term in the claim may be a factual issue resolved by the trial court only after weighing the probative value of various exhibits and assessing the credibility of key witnesses. These areas are within the trial court's province, not ours. This is especially true here. The hearing on the preliminary injunction motion produced a 986 page transcript; the trial court actively questioned key witnesses on the meaning of crucial terms. See, e.g., A. 277-283 (direct and cross-examination of Mr. Kenneth Marcus, an inventor of the Dolly chair; extensive questioning on the meaning of the term "stable rigid frame" and on the interview with the Examiner which resulted in the above-quoted claim amendment). "No matter how clear a claim appears to be, lurking in the background are documents that may completely disrupt initial views on the meaning." Autogiro Co. v. United States, 384 F.2d 391, 397 (Ct.Cl.1967) (footnote omitted).
 
 
 18
 Finally, the majority opinion corrects the trial court's claim interpretation, and on that basis alone vacates and remands. However, we should also consider the effect of that interpretation on the trial court's finding of infringement under the doctrine of equivalents--especially since the 'likelihood of success' prong here turns solely on the question of infringement.
 
 
 19
 The trial court specifically found that the Evenflo chair performs "substantially the same function in substantially the same way as the Dolly chair[1] to achieve substantially the same result." (Finding of Fact p 26). The trial court correctly analyzed each element of the Dolly claim, and concluded that they existed in the Evenflo chair. The majority's emphasis on the claim language distracts it from the proper doctrine of equivalents focus--do the elements essentially function in the same way to achieve the same result? Pennwalt Corp. v. Durand-Weyland, Inc., 833 F.2d 931, 935-6 (Fed.Cir.1987) (quoting Perkin Elmer for adherance to claim limitations and concommitant emphasis on function). From a functional perspective, two elements may be combined in one physical aspect of the invention, and still constitute an infringing equivalent. Sun Studs, Inc. v. ATA Equipment Leasing, Inc., 872 F.2d 978, 989 (Fed.Cir.1989). Thus, under a proper functional analysis, the seat and back elements may certainly contribute to the rigid frame function even while they serve seat and back functions.
 
 
 20
 In short, on this record I do not see an abuse of discretion that warrants an appellate court on the cold record before it to overturn the trial judge's preliminary determination pending full trial. Accordingly, I would affirm the trial court's preliminary injunction.
 
 
 
 [1]
 More precisely, the trial court should have compared the Evenflo chair to the claims encompassing the Dolly chair