# In the United States Court of Federal Claims

No. 19-1610C

(E-Filed:  May 14, 2020)[1]

|  |  |
|---|---|
| BHB LTD. PARTNERSHIP | ) |
| | ) |
| & | ) |
| | ) |
| INDIANA ASSOCIATES LTD. | ) |
| PARTNERSHIP OF WASHINGTON, | ) |
| D.C., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| THE UNITED STATES, | ) |
| | ) |
| Defendant, | ) |
| | ) |
| and | ) |
| | ) |
| RPT 1425 NEW YORK AVENUE, LLC | ) |
| | ) |
| Intervenor-defendant. | ) |
| | ) |

## ORDER

On April 29, 2020, plaintiffs filed a renewed application for temporary restraining order and preliminary injunction.  See ECF No. 87.  Therein, plaintiffs request that the court issue a temporary restraining order (TRO) and a preliminary injunction (PI) barring defendant from "making an award decision at any time prior to a final judgment on the

---

[1]     This order was issued under seal on April 29, 2020.  The parties were invited to identify source selection, proprietary or confidential material subject to deletion on the basis that the material was protected/privileged.  No redactions were proposed by the parties.  Thus, the sealed and public versions of this opinion are identical, except for the publication date and this footnote.

merits" of this case.  Id. at 3.  For the following reasons, plaintiffs' motion for a temporary restraining order and preliminary injunction is **DENIED**.

Plaintiffs filed this bid protest case in October 2019 to challenge defendant's solicitation requesting lease proposals for a building to house three government tenants. See ECF No. 1.  The government agreed at the outset to voluntarily stay the award of the contract, and ultimately extended the stay until May 1, 2020.[2]  See ECF No. 8 (scheduling order); ECF No. 65 (joint status report).  The parties began briefing their cross motions for judgment on the administrative record in accordance with the initial scheduling order, but briefing was interrupted when plaintiff filed a series of motions related to the administrative record.  Plaintiffs first filed a motion to supplement the administrative record (AR), and the court stayed briefing on the merits to finalize the AR. See ECF No. 27 (motion); ECF No. 29 (order).  The court denied plaintiffs' motion to supplement the AR, ECF No. 38, and plaintiffs filed a second motion to supplement, ECF No. 40.  The court denied the second motion, ECF No. 49, and briefing eventually resumed on the merits of the case.  See ECF No. 69 (order).  Plaintiffs, however, filed multiple motions for reconsideration of the court's decision.  See ECF No. 57; ECF No. 61; ECF No. 77.  The court denied two of plaintiffs' motions and the third is currently being briefed, once again delaying the adjudication of the merits of this matter.  See ECF No. 59 (denying ECF No. 57); ECF No. 66 (denying ECF No. 61).  The content of the AR, therefore, remains at issue in this matter, and the briefing on the merits is once again stayed.  See ECF No. 79.

On April 28, 2020, plaintiffs filed a motion to amend, or in the alternative, to supplement their complaint.  See ECF No. 82.  Therein, plaintiffs point to new factual developments as the basis for their desire to amend.  See id. at 1-3.  Defendant's response is due on May 12, 2020, and plaintiffs have not requested expedited briefing on their motion to amend.  See id.  The content of plaintiffs' claims, therefore, is now at issue, and not scheduled to be resolved prior to the expiration of the voluntary stay in this matter.

With the content of their claims, and, secondarily, the content of the AR, at issue, plaintiffs have now filed a motion for TRO and PI to address the expiration of the voluntary stay.  Plaintiffs "are concerned that [the General Services Administration] GSA may seek to make an award as soon as May 2, 2020" and, therefore, seek to bar GSA from making an award prior to the conclusion of this case.  ECF No. 87 at 3.  In support of their request, plaintiffs rely on their proposed amended complaint and the new factual developments it lays out.  See id.  Specifically, plaintiffs rely on the new developments to argue that they are likely to succeed on the merits.  See id. at 4-5.

A temporary restraining order is an "'extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of

---

[2]      Plaintiffs filed a motion for TRO with their complaint, which was denied as moot when the voluntary stay was agreed to.  See ECF No. 8.

persuasion.'" Jones Automation, Inc. v. United States, 92 Fed. Cl. 368, 370 (2010) (quoting Mazurek v. Armstrong, 520 U.S. 968, 972 (1997)). In evaluating whether a temporary restraining order or a preliminary injunction are appropriate, the court considers whether the moving party has demonstrated that: (1) it is likely to succeed on the merits; (2) it will be irreparably harmed without injunctive relief; (3) the balance of hardships tips in its favor; and (4) the public interest favors the grant of injunctive relief. See Am. Signature, Inc. v. United States, 598 F.3d 816, 823 (Fed. Cir. 2010) (citing Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 19, (2008)). "[T]he absence of an adequate showing with regard to any one factor may be sufficient, given the weight or lack of it assigned the other factors, to justify . . . denial" of a preliminary injunction or temporary restraining order. Chrysler Motors Corp. v. Auto Body Panels of Ohio, Inc., 908 F.2d 951, 953 (Fed. Cir. 1990).

Because plaintiffs' motion to amend the pleadings has not been decided and the content of plaintiffs' claims remains uncertain, the court cannot make a determination on the likelihood of plaintiffs' success on the merits. Without a clear understanding of exactly what is contained in plaintiffs' claims, the court simply cannot determine whether plaintiff is likely to succeed on the merits of those claims. The inability to evaluate this important factor makes it impossible for the court to evaluate whether a TRO or PI is appropriate. See Chrysler Motors Corp., 908 F.2d at 953. Further, plaintiffs rely on the facts in their proposed amended complaint to support their argument for their success on the merits; therefore, a determination that a TRO and PI are warranted would effectively require a ruling on plaintiffs' motion to amend. Proceeding to an immediate decision on plaintiffs' motion to amend, before the parties have fully briefed the same, would be inappropriate. Plaintiffs' motion for a TRO and PI is, therefore, premature and must be denied.

While the court understands plaintiffs' concern regarding the expiration of the voluntary stay, the parties have been well aware of that date, and the court has reminded the parties on multiple occasions that secondary disputes would compromise the court's ability to render a timely decision on the merits. See ECF No. 8 at 3; ECF No. 24 at 2; ECF No. 29. Plaintiffs have proceeded with their prosecution of this case in the manner of their choosing despite the court's reminders. There are currently three non-dispositive motions pending before the court in addition to plaintiffs' motion for a TRO and PI. See ECF No. 77; ECF No. 82; ECF No. 85. Until the content of plaintiffs' claims is finalized, the court cannot make a determination on any of them.

Accordingly, plaintiffs' motion for temporary restraining order, ECF No. 87, is **DENIED**. On or before **May 14, 2020**, the parties are directed to **CONFER** and **FILE** a **notice of filing** attaching a proposed redacted version of this opinion, with any competition-sensitive or otherwise protectable information blacked out. All pending motions in this case are hereby **STAYED** with the exception of plaintiffs' motion to amend the pleadings, ECF No. 82, until further order of the court. The clerk's office is

directed to **TERMINATE** the deadlines for plaintiffs' motion for reconsideration, ECF No. 77, and defendant's motion for relief from stay on briefing, ECF No. 85.

In addition, for purposes of maintaining an accurate docket, the clerk's office is directed to **STRIKE** plaintiffs' redacted corrected motion for judgment on the administrative record, ECF No. 75.  In accordance with the protective order entered in this case, plaintiff is directed to **FILE** the parties' agreed-upon redacted version of its corrected motion for judgment on the AR, ECF No. 70, using the redacted filing event in the court's case management/electronic case filing (CM/ECF) system.

IT IS SO ORDERED.

s/Patricia E. Campbell-Smith
PATRICIA E. CAMPBELL-SMITH
Judge