# United States Court of Appeals for the Federal Circuit

---

**KIMBERLY-CLARK WORLDWIDE, INC. AND
KIMBERLY-CLARK GLOBAL SALES, LLC,**
*Plaintiffs-Appellees,*

**v.**

**FIRST QUALITY BABY PRODUCTS, LLC AND
FIRST QUALITY RETAIL SERVICES, LLC,**
*Defendants-Appellants.*

---

2010-1382

---

Appeal from the United States District Court for the Eastern District of Wisconsin in case no. 09-CV-0916, Judge William C. Griesbach.

---

## ON PETITION FOR PANEL REHEARING AND REHEARING EN BANC

---

CONSTANTINE L. TRELA, JR., Sidley Austin LLP, of Chicago, Illinois, filed a combined petition for rehearing and rehearing en banc for plaintiffs-appellees. With him on the petition were BRADLEY C. WRIGHT, Banner & Witcoff, Ltd., of Washington, DC; MARC S. COOPERMAN, J. PIETER VAN ES, MATTHEW P. BECKER, AIMEE B. KOLZ, MICHAEL L. KRASHIN, and KATIE L. BECKER, of Chicago, Illinois. Of counsel was CHRISTOPHER B. ROTH, Banner & Witcoff, Ltd., of Washington, DC.

KENNETH P. GEORGE, Amster Rothstein & Ebenstein LLP, of New York, New York, filed a response for defendants-appellants. With him on the response were IRA E. SILFIN, MICHAEL V. SOLOMITA, CHARLES R. MACEDO, and BRIAN COMACK.

—————————

Before RADER, *Chief Judge*, NEWMAN, LOURIE, BRYSON, LINN, DYK, PROST, MOORE, O'MALLEY, and REYNA, *Circuit Judges*.

PER CURIAM.

NEWMAN, *Circuit Judge*, with whom O'MALLEY and REYNA, *Circuit Judges*, join, dissents from the denial of the petition for rehearing en banc.

O'MALLEY, *Circuit Judge*, dissents from the denial of the petition for rehearing en banc.

# **O R D E R**

A combined petition for panel rehearing and rehearing en banc was filed by Plaintiffs-Appellees, and a response thereto was invited by the court and filed by Defendants-Appellants. The petition for rehearing was referred to the panel that heard the appeal,[*] and thereafter the petition for rehearing en banc and the response were referred to the circuit judges who are authorized to request a poll of whether to rehear the appeal en banc. A poll was requested, taken, and failed.

Upon consideration thereof,

IT IS ORDERED THAT:

———————————

[*] Judge Friedman, who was a member of the panel, died July 6, 2011 and did not participate.

(1) The petition of Plaintiffs-Appellees for panel rehearing is denied.

(2) The petition of Plaintiffs-Appellees for rehearing en banc is denied.

(3) The mandate of the court will issue on October 6, 2011.

FOR THE COURT

September 29, 2011                    /s/ Jan Horbaly
_____                       _____

Date                                  Jan Horbaly
                                      Clerk

cc:  Constantine L. Trela, Jr.
     Kenneth P. George

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

SEP 29 2011

JAN HORBALY
CLERK

# United States Court of Appeals for the Federal Circuit

---

**KIMBERLY-CLARK WORLDWIDE, INC. AND
KIMBERLY-CLARK GLOBAL SALES, LLC,**
*Plaintiffs-Appellees,*

v.

**FIRST QUALITY BABY PRODUCTS, LLC AND
FIRST QUALITY RETAIL SERVICES, LLC,**
*Defendants-Appellants.*

---

2010-1382

---

Appeal from the United States District Court for the Eastern District of Wisconsin in Case No. 09-CV-0916, Judge William C. Griesbach.

---

NEWMAN, *Circuit Judge*, with whom O'MALLEY and REYNA, *Circuit Judges*, join, dissenting from denial of the petition for rehearing en banc.

I respectfully dissent from the denial of Kimberly-Clark's petition for rehearing en banc. The panel's view of the law governing preliminary injunctions warrants correction, for it is in conflict with the law of the Supreme Court, in conflict with the law of all of the regional circuits, and in conflict with controlling Federal Circuit precedent. Recent aberrations, including this case, have imparted uncertainty

and brought further conflict to our own precedent. To reestablish reliable law this issue should be taken en banc, and a consistent position taken on which the district courts and the concerned public can rely.

The matter is not trivial, for it affects whether a preliminary injunction is available in a patent case. There is a large difference between whether the movant is likely to prevail after trial of the merits, and whether the nonmovant has proffered a pre-trial defense that "does not lack substantial merit."[1] In deciding whether the patent right should be preserved *pendente lite*, the question of whether to grant a preliminary injunction includes consideration of the equities and relative harms, not simply whether the accused infringer has offered a colorable basis for avoiding summary judgment.

The question before the panel was whether the district court abused its discretion in granting the preliminary injunction. The panel, reversing the district court for three of the four patents, holds that it is an abuse of discretion to grant a preliminary injunction unless the proposed defense "lacks substantial merit." Thus the panel offers a one-sided presentation of the accused infringer's position and gives perfunctory treatment to the patentee's position, even as the panel affirms the district court's findings that the factors of irreparable harm, the balance of harms, and the public interest, all favor the patentee. The panel simply rules that if an accused infringer's position does not lack substantial merit, no preliminary injunction is available. The appropriate question, however, is whether the movant is likely to prevail on the merits, not whether the accused infringer can

---

[1] The panel now issues an "errata," changing "substantially meritless" in the panel opinion to "lack substantial merit." The panel does not explain its "error," nor how its new usage is free of that error.

raise a defense. The panel's ruling violates the Court's requirement that injunctions in patent cases are subject to the same rules as for other causes.

Inconsistent judicial statements of the law and its applications defeat a stable and reliable foundation for commerce based on law. Consistency in the law is no less important in patent matters, where public and private interests are advanced by investment in technological commerce. This court's conflicting rules with respect to preliminary injunctions should be resolved.

## DISCUSSION

The Court has often mentioned the standard for issuance of a preliminary injunction. *E.g.*, *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) ("A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."); *Amoco Prod. Co. v. Village of Gambell*, 480 U.S. 531, 546 n.12 (1987) ("The standard for a preliminary injunction is essentially the same as for a permanent injunction with the exception that the plaintiff must show a likelihood of success on the merits rather than actual success."). This traditional standard is recited in the panel's opinion, but it is ignored. Instead, the panel adopts the irregular standard that no preliminary injunction is available if the defendant has raised a defense that does not lack substantial merit.

The panel also does not properly consider, on motion for a preliminary injunction, the presumptions and burdens that will inhere at trial. That too is contrary to controlling precedent. *See Gonzales v. O Centro Espirita Beneficente*

*Uniao do Vegetal*, 546 U.S. 418, 429 (2006) ("[T]he burdens at the preliminary injunction stage track the burdens at trial."); *AstraZeneca LP v. Apotex, Inc.*, 633 F.3d 1042, 1050 (Fed. Cir. 2010) (the district court, granting a preliminary injunction, did not "clearly err by concluding that at trial Apotex will likely not be able to demonstrate by clear and convincing evidence that the Thorax advertisement anticipates the asserted method claims"). For proving invalidity of an issued patent, the presumptions and burdens are established by statute: "A patent shall be presumed valid . . . . The burden of establishing invalidity of a patent or any claim thereof shall rest on the party asserting such invalidity." 35 U.S.C. §282. This burden "exists at every stage of the litigation." *Canon Computer Sys., Inc. v. Nu-Kote Int'l, Inc.*, 134 F.3d 1085, 1088 (Fed. Cir. 1998). In *Microsoft Corp. v. i4i Ltd. P'ship*, 131 S. Ct. 2238, 2242 (2011), the Court confirmed that invalidity must be proved by clear and convincing evidence.

Most Federal Circuit decisions have been faithful to the established rules. *See, e.g., Sanofi-Synthelabo v. Apotex, Inc.*, 470 F.3d 1368, 1374 (Fed. Cir. 2006) (applying the applicable presumptions and burdens in reviewing the grant of a preliminary injunction); *Gillette Co. v. Energizer Holdings, Inc.*, 405 F.3d 1367, 1370 (Fed. Cir. 2005) ("In order to demonstrate a likelihood of success on the merits, Gillette has to show that, in light of the presumptions and burdens that will inhere at trial on the merits, (1) Energizer likely infringes the '777 patent, and (2) the claims of the '777 patent will likely withstand Energizer's challenges to validity."); *Ranbaxy Pharm., Inc. v. Apotex, Inc.*, 350 F.3d 1235, 1239 (Fed. Cir. 2003) (applying the traditional four factors of "(1) a reasonable likelihood of success on the merits; (2) irreparable harm if the injunctions were not granted; (3) the balance of the hardships and (4) the impact of the injunction on the public interest," and reiterating that the showing of

reasonable likelihood of success on the merits must be "in light of the presumptions and burdens that will inhere at trial on the merits"); *PPG Indus., Inc. v. Guardian Indus., Inc.*, 75 F.3d 1558, 1566 (Fed. Cir. 1996) ("The ultimate question, however, is whether the challenger's evidence of invalidity is sufficiently persuasive that it is likely to overcome the presumption of patent validity."); *Reebok Int'l Ltd. v. J. Baker, Inc.*, 32 F.3d 1552, 1555 (Fed. Cir. 1994) ("Whether a preliminary injunction should issue turns upon four factors: (1) the movant's reasonable likelihood of success on the merits; (2) the irreparable harm the movant will suffer if preliminary relief is not granted; (3) the balance of hardships tipping in its favor; and (4) the adverse impact on the public interest."); *Rosemount, Inc. v. Int'l Trade Comm'n*, 910 F.2d 819, 821 (Fed. Cir. 1990) ("To grant the equitable relief of an injunction prior to trial, a district court traditionally considers and balances the factors of: (1) the movant's likelihood of success on the merits; (2) whether or not the movant will suffer irreparable injury during the pendency of litigation if the preliminary injunction is not granted; (3) whether or not that injury outweighs the harm to other parties if the preliminary injunction is issued; and (4) whether the grant or denial of the preliminary injunction is in the public interest.").

The district court found that the accused infringer, First Quality Baby Products, was not likely to meet these burdens as to the four manufacturing patents in suit. The panel did not find otherwise. The panel's reversal of the district court's ruling as to three patents is simply based on whether First Quality raised a question that "does not lack substantial merit." This standard essentially negates the possibility of grant of a preliminary injunction to preserve the status quo during patent litigation, for in today's complex patent law it is hard to imagine a case in which a defense that is

"not substantially meritless" cannot be devised at the preliminary stage.

The panel's approach is in conflict with not only the Supreme Court, but with every other circuit. All require consideration of the likely outcome on the merits as well as the equitable factors. *See, e.g.*, *CSX Transp. Inc. v. Williams*, 406 F.3d 667, 670 (D.C. Cir. 2005) ("In considering whether to grant preliminary injunctive relief, the court must consider whether: (1) the party seeking the injunction has a substantial likelihood of success on the merits; (2) the party seeking the injunction will be irreparably injured if relief is withheld; (3) an injunction will not substantially harm other parties; and (4) an injunction would further the public interest."); *Wine & Spirits Retailers, Inc. v. Rhode Island*, 418 F.3d 36, 46 (1st Cir. 2005) ("A district court must weigh four factors in determining whether to issue a preliminary injunction: (1) the likelihood of success on the merits; (2) the potential for irreparable harm [to the movant] if the injunction is denied; (3) the balance of relevant impositions, *i.e.*, the hardship to the nonmovant if enjoined as contrasted with the hardship to the movant if no injunction issues; and (4) the effect (if any) of the court's ruling on the public interest."); *Opticians Ass'n of Am. v. Indep. Opticians of Am.*, 920 F.2d 187, 191-92 (3d Cir. 1990) ("When ruling on such a motion, the district court must consider four factors: [A] the likelihood that the applicant will prevail on the merits at final hearing; [B] the extent to which the plaintiffs are being irreparably harmed by the conduct complained of; [C] the extent to which the defendants will suffer irreparable harm if the preliminary injunction is issued; and [D] the public interest."); *WV Ass'n. of Club Owners & Fraternal Servs., Inc. v. Musgrave*, 553 F.3d 292, 298 (4th Cir. 2009) ("In order to receive a preliminary injunction, a plaintiff must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable

harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."); *Canal Authority of State of Florida v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974) ("The four prerequisites are as follows: (1) a substantial likelihood that plaintiff will prevail on the merits, (2) a substantial threat that plaintiff will suffer irreparable injury if the injunction is not granted, (3) that the threatened injury to plaintiff outweighs the threatened harm the injunction may do to defendant, and (4) that granting the preliminary injunction will not disserve the public interest."); *Six Clinics Holding Corp. II v. Cafcomp Sys., Inc.*, 119 F.3d 393, 399 (6th Cir. 1997) ("The factors to be considered by a district court in deciding whether to grant a preliminary injunction are well-established: (1) the likelihood that the party seeking the preliminary injunction will succeed on the merits of the claim; (2) whether the party seeking the injunction will suffer irreparable harm without the grant of the extraordinary relief; (3) the probability that granting the injunction will cause substantial harm to others; and (4) whether the public interest is advanced by the issuance of the injunction."); *Abbott Labs. v. Mead Johnson & Co.*, 971 F.2d 6, 11 (7th Cir. 1992) ("As a threshold matter, a party seeking a preliminary injunction must demonstrate (1) some likelihood of succeeding on the merits, and (2) that it has no adequate remedy at law and will suffer irreparable harm if preliminary relief is denied. If the moving party cannot establish either of these prerequisites, a court's inquiry is over and the injunction must be denied. If, however, the moving party clears both thresholds, the court must then consider: (3) the irreparable harm the non-moving party will suffer if preliminary relief is granted, balancing that harm against the irreparable harm to the moving party if relief is denied; and (4) the public interest, meaning the consequences of granting or denying the injunction to non-parties."); *Entergy, Arkansas, Inc. v. Nebraska,* 210 F.3d

887, 898 (8th Cir. 2000) ("The relevant factors on a motion for a preliminary injunction are: (1) the probability of success on the merits; (2) the threat of irreparable harm to the movant; (3) the balance between this harm and the injury that granting the injunction will inflict on other interested parties; and (4) whether the issuance of an injunction is in the public interest."); *Cal. Pharms. Ass'n v. Maxwell-Jolly*, 563 F.3d 847, 849 (9th Cir. 2009) ("Plaintiffs seeking a preliminary injunction in a case in which the public interest is involved must establish that they are likely to succeed on the merits, that they are likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in their favor, and that an injunction is in the public interest."); *Resolution Trust Corp. v. Cruce*, 972 F.2d 1195, 1199 (10th Cir. 1992) ("To obtain a preliminary injunction, the moving party must establish that (1) the moving party will suffer irreparable injury unless the injunction issues; (2) the threatened injury to the moving party outweighs whatever damage the proposed injunction may cause the opposing party; (3) the injunction, if issued, would not be adverse to the public interest; and (4) there is a substantial likelihood that the moving party will eventually prevail on the merits."); *All Care Nursing Serv., Inc. v. Bethesda Memorial Hosp., Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989) ("A district court may grant injunctive relief if the movant shows (1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered unless the injunction issues; (3) that the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party, and (4) that if issued the injunction would not be adverse to the public interest.").

Some circuits, in cases where the eventual outcome is hard to predict at that early stage, have authorized a preliminary injunction when irreparable harm has been shown and "the costs outweigh the benefits." *Citigroup Global*

*Mkts., Inc. v. VCG Special Opportunities Master Fund, Ltd.*, 598 F.3d 30, 35 (2d Cir. 2010) (requiring "a party seeking a preliminary injunction to show (a) irreparable harm and (b) either (1) likelihood of success on the merits or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief," and explaining that this standard "permits a district court to grant a preliminary injunction in situations where it cannot determine with certainty that the moving party is more likely than not to prevail on the merits of the underlying claims, but where the costs outweigh the benefits of not granting the injunction."); *Dollar Rent A Car v. Travelers Indem. Co.*, 774 F.2d 1371, 1374-75 (9th Cir. 1985) ("The moving party may meet its burden by demonstrating either (1) a combination of probable success on the merits and the possibility of irreparable injury or (2) that serious questions are raised and the balance of hardships tips sharply in its favor.").

Precedent's concern for equity places the panel's ruling in sharp relief. No other circuit denies a preliminary injunction merely because the nonmovant has raised an argument worthy of consideration. This is not the first case in which this court has departed from the correct standard, or even from recitation of the correct standard. In *Amazon.com, Inc. v. Barnesandnoble.com, Inc.*, 239 F.3d 1343, 1350 (Fed. Cir. 2001), the court stated that if the alleged infringer "raises a substantial question concerning either infringement or validity, *i.e.*, asserts an infringement or invalidity defense that the patentee cannot prove 'lacks substantial merit,' the preliminary injunction should not issue," quoting a portion of *Genentech, Inc. v. Novo Nordisk, A/S*, 108 F.3d 1361, 1364 (Fed. Cir. 1997), where the court interpreted precedent as meaning that "if Novo raises a 'substantial question' concerning validity, enforceability, or

infringement (i.e., asserts a defense that Genentech cannot show 'lacks substantial merit') the preliminary injunction should not issue." The panel herein, with or without its "errata," adopts this "should not issue" posture without appreciation of the context in which it arose, or of the factual and equitable situations in those cases that cited it. However, a defense that does not "lack substantial merit" is of a different order than a defense that is likely to succeed by clear and convincing evidence.

This court's departure from the universal standard conflicts with the Court's admonition in *eBay Inc, v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006), where in discussing the traditional principles for grant of a permanent injunction, the Court held that "these familiar principles apply with equal force to disputes arising under the Patent Act." *See Titan Tire Corp. v. Case New Holland, Inc.*, 566 F.3d 1372, 1379 (Fed. Cir. 2009) ("The Supreme Court has stated that the general rules applicable to injunctions in civil actions apply equally to injunctions in patent cases; there is no room for making the substantial question test a substitute or replacement for the established test for injunctions." (citing *eBay*, 547 U.S. at 394)).

Just as the Court in *eBay* confirmed that there is no absolute right to a permanent injunction, so there is no absolute right to a preliminary injunction. *See Salinger v. Colting*, 607 F.3d 68, 77-78 (2d Cir. 2010) (holding that *eBay* applies "with equal force" to preliminary injunctions in copyright cases). There is, however, an absolute right to the principles of law and equity that govern such determinations. *See eBay*, 547 U.S. at 391 ("a major departure from the long tradition of equity practice should not be lightly implied").

In addition, this court has observed that the standard for granting or denying a preliminary injunction is not unique to patent law, and has ruled that the standard of the regional circuit should apply. *Mikohn Gaming Corp v. Acres Gaming, Inc.*, 165 F.3d 891, 894 (Fed. Cir. 1998) ("The Federal Circuit has generally viewed the grant of a preliminary injunction as a matter of procedural law not unique to the exclusive jurisdiction of the Federal Circuit, and on appellate review has applied the procedural law of the regional circuit in which the case was brought."). This rule, too, receives no recognition in the panel's opinion.

Recognizing the burgeoning divergences in Federal Circuit precedent, the court in *Titan Tire* undertook to reconcile various past statements and approaches, and explained that "a finding of a 'substantial question' of invalidity is a *substantive conclusion* by the trial court, a conclusion that the patentee is unlikely to succeed on the merits of the validity issue because the patentee is unable to establish that the alleged infringer's invalidity defense 'lacks substantial merit'." 566 F.3d at 1379. However, the attempted reconciliation in *Titan Tire* appears to have failed, for this panel provides no qualification for its position that if validity is reasonably questioned, the injunction will be denied.

As the Court has explained, "[t]he purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." *Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981); *Mikohn*, 165 F.3d at 895 (the preliminary injunction serves to preserve the status quo "lest one side prevent resolution of the questions or execution of any judgment by altering the status quo"). Such purpose is of particular relevance for patent property, for the patent term continues to run during litigation, and a loss of patent-supported exclusivity during the years of litigation may exhaust not only the life of the

patent, but also the value of the invention to its creator. Yet the panel's approach removes patent cases from the mainstream of injunction practice. In reversing the district court, the panel does not hold that the district court incorrectly assessed the likelihood of eventual outcome, or incorrectly found that the factors of irreparable harm, balance of harms, and public interest all favored injunction. Instead, the panel holds that if a patent is merely "vulnerable," slip op. at *5, a preliminary injunction is not available, despite the factors weighing in the movant's favor.

Although the panel recites the district court's discretionary authority, the panel does not explain how the district court's findings and balancing of the traditional factors constituted an abuse of discretion. Again, the Court is contrary. *See Deckert v. Independence Shares Corp.*, 311 U.S. 282, 290 (1940) ("It is well settled that the granting of a temporary injunction, pending final hearing, is within the sound discretion of the trial court; and that, upon appeal, an order granting such an injunction will not be disturbed unless contrary to some rule of equity, or the result of an improvident exercise of judicial discretion."); *We Care, Inc. v. Ultra-Mark Int'l Corp.*, 930 F.2d 1567, 1570 (Fed. Cir. 1991) ("The court's determination can be overturned only on a showing that it abused its discretion, committed an error of law, or seriously misjudged the evidence."); *Chrysler Motor Corp. v. Auto Body Panels of Ohio, Inc.*, 908 F.2d 951 (Fed. Cir. 1990) ("Our rule regarding whether a preliminary injunction should be granted or denied is that the trial court should weigh and measure each of the four factors against the other factors and against the magnitude of the relief requested.").

The matter warrants the attention of the full court.[2] Thus I must, respectfully, dissent from the court's denial of rehearing en banc.

---

[2] The panel designated this opinion as "non-precedential." This designation does not relieve the court of its responsibility to provide correct rulings in the case before it. Nor are "non-precedential" rulings insulated from further review; *e.g.*, *Teleflex, Inc. v. KSR Int'l Co.*, 119 Fed. Appx. 282 (Fed. Cir. 2005), *reversed*, 550 U.S. 398 (2007); *A.C. Aukerman Co. v. R.L. Chaides Const., Co.*, 1991 WL 62407 (Fed. Cir. 1991), *vacated*, 960 F.2d 1020 (Fed. Cir. 1992) (en banc).

# United States Court of Appeals
# for the Federal Circuit

---

**KIMBERLY-CLARK WORLDWIDE, INC. AND
KIMBERLY-CLARK GLOBAL SALES, LLC,**

*Plaintiffs-Appellees,*

**v.**

**FIRST QUALITY BABY PRODUCTS, LLC AND
FIRST QUALITY RETAIL SERVICES, LLC**

*Defendant-Appellants.*

---

2010-1382

---

Appeal from the United States District Court for the
Eastern District of Wisconsin in Case No. 09-CV-0916,
Judge William C. Griesbach.

---

O'MALLEY, *Circuit Judge*, dissenting from denial of
the petition for rehearing en banc.

While I understand that it is unusual to address is-
sues raised by a nonprecedential opinion en banc, I be-
lieve there is merit in doing so in this case. I do not fault
the panel for approaching this matter as it did given our
precedent. I also understand that the panel carefully and
thoughtfully analyzed the validity issues presented to it.
Having said that, I believe our precedent regarding the
propriety of preliminary injunctive relief in patent cases

should be rethought and revised at our earliest opportunity.

This court has historically approached its review of trial court preliminary injunction rulings in a manner that is inconsistent with the Supreme Court's directives in *eBay, Inc. v. MercExchange, L.L.C.*, 547 U.S. 388 (2006); Rule 65 of the Federal Rules of Civil Procedure; and the law of all of other regional circuits. We deviate from the norm in this area in three ways. First, by employing a test which assesses whether a patent is "vulnerable" to a claim of invalidity, or whether the assertion of such a claim is "substantially meritless," we employ a test which is not the same as the "likelihood of success" test that the rules and governing case law dictate. Second, we inevitably ignore or give no real weight to the other factors that Rule 65 tells us to consider, effectively redefining the balancing process normally applied under that rule. *See* Steven J. Lee, *Recent Trends in Patent Litigation under the Hatch-Waxman Act*, 878 PLI/PAT 991, 1031 (Pract. Law Inst., Patents, Copyrights, Trademarks & Literary Property Course Handbook, Series 2006) (noting that this court has "focused the preliminary injunction calculus on the 'vulnerability' of the patent claims to the challenger's defenses, rather than on a balancing of all four of the equitable factors . . . ."). Third, we give virtually no deference to district court determinations in an area where deference is clearly due.

District courts across the country have struggled with our precedent in this area, concluding in large measure that, whatever their views of the merits of a particular preliminary injunction request, this court's precedent virtually mandates denial of all such motions. We should bring our law into line with that applied in every other regional circuit and with the standards mandated by *eBay*.

For these reasons and all of those set forth in Judge Newman's dissent, and while it may be that the panel ultimately reached the right result in this particular case, I agree with Judge Newman that we should have taken this opportunity to readdress our case law in this area.